## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| Cedar Lane Technologies Inc., | |
| Plaintiff, | Civil Action No. 6:20-cv-00988-ADA |
| v. | |
| T-Mobile USA, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

## T-MOBILE USA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant"), through its counsel, submits the following Answer to the First Amended Complaint of Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane" or "Plaintiff") as follows:

### PARTIES

1.      Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 1, and therefore denies these allegations.

2.      Defendant T-Mobile USA, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 2795 E. 7th St, Austin, TX, 78702.

**ANSWER:**     T-Mobile admits only that it is a Delaware corporation and that it has a place of business in the District, and denies the remaining allegations of Paragraph 2.

### JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:**     T-Mobile admits that this is an action for patent infringement arising under the

patent laws of the United States, but denies the legal sufficiency of Plaintiff's claims and

allegations.

4.     This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and

1338(a).

**ANSWER:**     T-Mobile admits that this Court has subject matter jurisdiction under 28 U.S.C. §§

1331 and 1338(a).  T-Mobile denies any remaining allegations of Paragraph 4.

5.     This Court has personal jurisdiction over Defendant because it has engaged in
systematic and continuous business activities in this District. As described below, Defendant has
committed acts of patent infringement giving rise to this action within this District.

**ANSWER:**     For purposes of this action only, T-Mobile admits that this Court has personal

jurisdiction over T-Mobile.  T-Mobile denies that it has committed any acts of patent

infringement in this or any other district and further denies the allegations of Paragraph 5.

## VENUE

6.     Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has
committed acts of patent infringement in this District, and has an established place of business in
this District.

**ANSWER:**     For purposes of this action only, and without waiving any defense of improper

venue in connection with any other cause of action or claim, T-Mobile does not contest that

venue properly lies in this district pursuant to 28 U.S.C. § 1400(b). T-Mobile denies that this

venue is convenient or that it has committed any acts of infringement in this or any other district

and further denies the remaining allegations of Paragraph 6.

## PATENTS-IN-SUIT

7.     Plaintiff is the assignee of all right, title and interest in United States Patent Nos.
6,473,527; 6,516,147; 6,526,411; 6,566,805; 6,721,489; 6,972,774; 6,972,790; 7,173,177;
7,292,261; 7,642,443; 8,537,242; 9,961,264 (the "Patents-in-Suit"); including all rights to
enforce and prosecute actions for infringement and to collect damages for all relevant times
against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and
standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 7, and therefore denies these allegations.

## THE '527 PATENT

8.     The '527 Patent is entitled "Module and method for interfacing analog/digital
converting means and JPEG compression means," and issued 10/29/2002. The application
leading to the '527 Patent was filed on 06/01/1999. A true and correct copy of the '527 Patent is
attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER:**     T-Mobile admits that a document attached as Exhibit 1 to the First Amended

Complaint purports to be a copy of the '527 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 8, and therefore denies

these allegations.

9.     The '527 Patent is valid and enforceable.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 9, and therefore denies these allegations.

## THE '147 PATENT

10.     The '147 Patent is entitled "Scene recognition method and system using brightness
and ranging mapping," and issued 02/04/2003. The application leading to the '147 Patent was
filed on 12/19/2000. A true and correct copy of the '147 Patent is attached hereto as Exhibit 2
and incorporated herein by reference.

**ANSWER:**     T-Mobile admits that a document attached as Exhibit 2 to the First Amended

Complaint purports to be a copy of the '147 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 10, and therefore denies

these allegations.

11.     The '147 Patent is valid and enforceable.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 11, and therefore denies these allegations.

## THE '411 PATENT

12.    The '411 Patent is entitled "System and method for creating dynamic playlists," and issued 02/25/2003. The application leading to the '411 Patent was filed on 11/15/2000. A true and correct copy of the '411 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

**ANSWER:**    T-Mobile admits that a document attached as Exhibit 3 to the First Amended

Complaint purports to be a copy of the '411 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 12, and therefore denies

these allegations.

13.    The '411 Patent is valid and enforceable.

**ANSWER:**    T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 13, and therefore denies these allegations.

## THE '805 PATENT

14.    The '805 Patent is entitled "Organic electro-luminescent device with first and second composite layers," and issued 05/20/2003. The application leading to the '805 Patent was filed on 09/28/2000. A true and correct copy of the '805 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

**ANSWER:**    T-Mobile admits that a document attached as Exhibit 4 to the First Amended

Complaint purports to be a copy of the '805 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 14, and therefore denies

these allegations.

15.    The '805 Patent is valid and enforceable.

**ANSWER:**    T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 15, and therefore denies these allegations.

## THE '489 PATENT

16.    The '489 Patent is entitled "Play list manager," and issued 04/13/2004. The application leading to the '489 Patent was filed on 03/08/2000. A true and correct copy of the '489 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

**ANSWER:**   T-Mobile admits that a document attached as Exhibit 5 to the First Amended

Complaint purports to be a copy of the '489 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 16, and therefore denies

these allegations.

17.   The '489 Patent is valid and enforceable.

**ANSWER:**   T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 17, and therefore denies these allegations.

### THE '774 PATENT

18.   The '774 Patent is entitled "Image processing system for inserting plurality of
images into composite area, and medium," and issued 12/06/2005. The application leading to the
'774 Patent was filed on 12/18/2000. A true and correct copy of the '774 Patent is attached hereto
as Exhibit 6 and incorporated herein by reference.

**ANSWER:**   T-Mobile admits that a document attached as Exhibit 6 to the First Amended

Complaint purports to be a copy of the '774 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 18, and therefore denies

these allegations.

19.   The '774 Patent is valid and enforceable.

**ANSWER:**   T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 19, and therefore denies these allegations..

### THE '790 PATENT

20.   The '790 Patent is entitled "Host interface for imaging arrays," and issued
12/06/2005. The application leading to the '790 Patent was filed on 12/21/2000. A true and
correct copy of the '790 Patent is attached hereto as Exhibit 7 and incorporated herein by
reference.

**ANSWER:**   T-Mobile admits that a document attached as Exhibit 7 to the First Amended

Complaint purports to be a copy of the '790 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 20, and therefore denies

these allegations.

21.    The '790 Patent is valid and enforceable.

**ANSWER:**    T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 21, and therefore denies these allegations.

## THE '177 PATENT

22.    The '177 Patent is entitled "User interface for simultaneous management of owned
and unowned inventory," and issued 02/06/2007. The application leading to the '177 Patent was
filed on 10/29/2003. A true and correct copy of the '177 Patent is attached hereto as Exhibit 8
and incorporated herein by reference.

**ANSWER:**    T-Mobile admits that a document attached as Exhibit 8 to the First Amended

Complaint purports to be a copy of the '117 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 22, and therefore denies

these allegations.

23.    The '177 Patent is valid and enforceable.

**ANSWER:**    T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 23, and therefore denies these allegations.

## THE '261 PATENT

24.    The '261 Patent is entitled "Virtual reality camera," and issued 11/06/2007. The
application leading to the '261 Patent was filed on 08/20/1999. A true and correct copy of the
'261 Patent is attached hereto as Exhibit 9 and incorporated herein by reference.

**ANSWER:**    T-Mobile admits that a document attached as Exhibit 9 to the First Amended

Complaint purports to be a copy of the '261 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 24, and therefore denies

these allegations.

25.     The '261 Patent is valid and enforceable.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 25, and therefore denies these allegations.

## THE '443 PATENT

26.     The '443 Patent is entitled "User interface for simultaneous management of owned and unowned inventory," and issued 01/05/2010. The application leading to the '443 Patent was filed on 08/29/2006. A true and correct copy of the '443 Patent is attached hereto as Exhibit 10 and incorporated herein by reference.

**ANSWER:**     T-Mobile denies that a document attached as Exhibit 10 to the First Amended

Complaint is a true and correct copy of the '443 Patent. T-Mobile lacks knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 26, and

therefore denies these allegations.

27.     The '443 Patent is valid and enforceable.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 27, and therefore denies these allegations.

## THE '242 PATENT

28.     The '242 Patent is entitled "Host interface for imaging arrays," and issued 09/17/2013. The application leading to the '242 Patent was filed on 10/27/2005. A true and correct copy of the '242 Patent is attached hereto as Exhibit 11 and incorporated herein by reference.

**ANSWER:**     T-Mobile admits that a document attached as Exhibit 11 to the First Amended

Complaint purports to be a copy of the '242 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 28, and therefore denies

these allegations.

29.     The '242 Patent is valid and enforceable.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 29, and therefore denies these allegations.

### THE '264 PATENT

30.     The '264 Patent is entitled "Virtual reality camera," and issued 05/01/2018. The
application leading to the '264 Patent was filed on 08/29/2011. A true and correct copy of the
'264 Patent is attached hereto as Exhibit 12 and incorporated herein by reference.

**ANSWER:**     T-Mobile admits that a document attached as Exhibit 12 to the First Amended

Complaint purports to be a copy of the '264 Patent. T-Mobile lacks knowledge or information

sufficient to form a belief as to the remaining allegations of Paragraph 30, and therefore denies

these allegations.

31.     The '264 Patent is valid and enforceable.

**ANSWER:**     T-Mobile lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 31, and therefore denies these allegations.

### COUNT 1: INFRINGEMENT OF THE '527 PATENT

32.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**     T-Mobile incorporates by reference its responses to Paragraphs 1-31 above as

though fully set forth herein.

33.     **Direct Infringement.** Defendant has been and continues to directly infringe one
or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling
and/or importing, without limitation, at least the Defendant products identified in the charts
incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at
least the exemplary claims of the '527 Patent also identified in the charts incorporated into this
Count below (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalents. On
information and belief, numerous other devices that infringe the claims of the '527 Patent have
been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 33.

34.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '527 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 34.

35.     Exhibit 13 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '527 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 35.

36.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 13.

**ANSWER:**     T-Mobile denies any allegations of Paragraph 36.

37.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 37.

## COUNT 2: INFRINGEMENT OF THE '147 PATENT

38.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**     T-Mobile incorporates by reference its responses to Paragraphs 1-37 above as

though fully set forth herein.

39.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '147 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '147 Patent also identified in the charts incorporated into this Count below (the "Exemplary '147 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '147 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 39.

40.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '147 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 40.

41. **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant constituted actual knowledge of infringement as alleged here.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 41.

42.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '147 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '147 Patent. *See* Exhibit 14 (described below).

**ANSWER:**    T-Mobile denies the allegations of Paragraph 42.

43. **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '147 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '147 Patent.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 43.

44. **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '147 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '147 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '147 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '147 Patent.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 44.

45.    Exhibit 14 includes charts comparing the Exemplary '147 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '147 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '147 Patent Claims.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 45.

46.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 14.

**ANSWER:**    T-Mobile denies any allegations of Paragraph 46.

47.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 47.

### COUNT 3: INFRINGEMENT OF THE '411 PATENT

48.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**     T-Mobile incorporates by reference its responses to Paragraphs 1-47 above as

though fully set forth herein.

49.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '411 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '411 Patent also identified in the charts incorporated into this Count below (the "Exemplary '411 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '411 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 49.

50.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '411 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 50.

51.     **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant constituted actual knowledge of infringement as alleged here.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 51.

52.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '411 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '411 Patent. *See* Exhibit 15 (described below).

**ANSWER:**     T-Mobile denies the allegations of Paragraph 52.

53.   **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '411 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '411 Patent.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 53.

54.   **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '411 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '411 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '411 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '411 Patent.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 54.

55.   Exhibit 15 includes charts comparing the Exemplary '411 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '411 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '411 Patent Claims.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 55.

56.   Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 15.

**ANSWER:**   T-Mobile denies any allegations of Paragraph 56.

57.   Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 56.

### COUNT 4: INFRINGEMENT OF THE '805 PATENT

58.   Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**   T-Mobile incorporates by reference its responses to Paragraphs 1-57 above as though fully set forth herein.

59.   **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '805 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at

least the exemplary claims of the '805 Patent also identified in the charts incorporated into this Count below (the "Exemplary '805 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '805 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 59.

60.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '805 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 60.

61.    **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant constituted actual knowledge of infringement as alleged here.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 61.

62.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '805 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '805 Patent. *See* Exhibit 16 (described below).

**ANSWER:**    T-Mobile denies the allegations of Paragraph 62.

63.    **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '805 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '805 Patent.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 63.

64.    **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '805 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '805 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '805 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '805 Patent.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 64.

65.    Exhibit 16 includes charts comparing the Exemplary '805 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '805 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '805 Patent Claims.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 65.

66.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 16.

**ANSWER:**     T-Mobile denies any allegations of Paragraph 66.

67.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 67.

### COUNT 5: INFRINGEMENT OF THE '489 PATENT

68.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**     T-Mobile incorporates by reference its responses to Paragraphs 1-67 above as

though fully set forth herein.

69.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '489 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '489 Patent also identified in the charts incorporated into this Count below (the "Exemplary '489 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '489 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 69.

70.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '489 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 70.

71.     Exhibit 17 includes charts comparing the Exemplary '489 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '489 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '489 Patent Claims.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 71.

72.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 17.

**ANSWER:**     T-Mobile denies any allegations of Paragraph 72.

73.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 73.

### COUNT 6: INFRINGEMENT OF THE '774 PATENT

74.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**     T-Mobile incorporates by reference its responses to Paragraphs 1-73 above as

though fully set forth herein.

75.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '774 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '774 Patent also identified in the charts incorporated into this Count below (the "Exemplary '774 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '774 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 75.

76.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '774 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 76.

77.     **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant constituted actual knowledge of infringement as alleged here.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 77.

78.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '774 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '774 Patent. *See* Exhibit 18 (described below).

**ANSWER:**     T-Mobile denies the allegations of Paragraph 78.

79.     **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '774 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 79.

80.     **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '774 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '774 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '774 Patent.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 80.

81.     Exhibit 18 includes charts comparing the Exemplary '774 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '774 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '774 Patent Claims.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 81.

82.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 18.

**ANSWER:**     T-Mobile denies any allegations of Paragraph 82.

83.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 83.

### COUNT 7: INFRINGEMENT OF THE '790 PATENT

84.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**     T-Mobile incorporates by reference its responses to Paragraphs 1-83 above as

though fully set forth herein.

85.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling

and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '790 Patent also identified in the charts incorporated into this Count below (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** T-Mobile denies the allegations of Paragraph 85.

86.      Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '790 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:** T-Mobile denies the allegations of Paragraph 86.

87.      **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant constituted actual knowledge of infringement as alleged here.

**ANSWER:** T-Mobile denies the allegations of Paragraph 87.

88.      Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. *See* Exhibit 19 (described below).

**ANSWER:** T-Mobile denies the allegations of Paragraph 88.

89.      **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

**ANSWER:** T-Mobile denies the allegations of Paragraph 89.

90.      **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '790 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '790 Patent.

**ANSWER:** T-Mobile denies the allegations of Paragraph 90.

91.     Exhibit 19 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '790 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 91.

92.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 19.

**ANSWER:**     T-Mobile denies any allegations of Paragraph 92.

93.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 93.

### COUNT 8: INFRINGEMENT OF THE '177 PATENT

94.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**     T-Mobile incorporates by reference its responses to Paragraphs 1-93 above as

though fully set forth herein.

95.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '177 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '177 Patent also identified in the charts incorporated into this Count below (the "Exemplary '177 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '177 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 95.

96.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '177 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 96.

97.     **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant constituted actual knowledge of infringement as alleged here.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 97.

98.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '177 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '177 Patent. *See* Exhibit 20 (described below).

**ANSWER:**     T-Mobile denies the allegations of Paragraph 98.

99.     **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '177 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '177 Patent.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 99.

100.    **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '177 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '177 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '177 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '177 Patent.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 100.

101.    Exhibit 20 includes charts comparing the Exemplary '177 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '177 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '177 Patent Claims.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 101.

102.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 20.

**ANSWER:**     T-Mobile denies any allegations of Paragraph 102.

103.    Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**     T-Mobile denies the allegations of Paragraph 103.

## COUNT 9: INFRINGEMENT OF THE '261 PATENT

104.    Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**    T-Mobile incorporates by reference its responses to Paragraphs 1-103 above as

though fully set forth herein.

105.    **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '261 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '261 Patent also identified in the charts incorporated into this Count below (the "Exemplary '261 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '261 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 105.

106.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '261 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 106.

107.    Exhibit 21 includes charts comparing the Exemplary '261 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '261 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '261 Patent Claims.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 107.

108.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 21.

**ANSWER:**    T-Mobile denies any allegations of Paragraph 108.

109.    Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 109.

## COUNT 10: INFRINGEMENT OF THE '443 PATENT

110.    Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**    T-Mobile incorporates by reference its responses to Paragraphs 1-109 above as

though fully set forth herein.

111.    **Direct Infringement.** Defendant has been and continues to directly infringe one
or more claims of the '443 Patent in at least this District by making, using, offering to sell, selling
and/or importing, without limitation, at least the Defendant products identified in the charts
incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at
least the exemplary claims of the '443 Patent also identified in the charts incorporated into this
Count below (the "Exemplary '443 Patent Claims") literally or by the doctrine of equivalents. On
information and belief, numerous other devices that infringe the claims of the '443 Patent have
been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 111.

112.    Defendant also has and continues to directly infringe, literally or under the
doctrine of equivalents, the Exemplary '443 Patent Claims, by having its employees internally
test and use these Exemplary Products.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 112.

113.    Exhibit 22 includes charts comparing the Exemplary '443 Patent Claims to the
Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products
practice the technology claimed by the '443 Patent. Accordingly, the Exemplary Defendant
Products incorporated in these charts satisfy all elements of the Exemplary '443 Patent Claims.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 113.

114.    Plaintiff therefore incorporates by reference in its allegations herein the claim
charts of Exhibit 22.

**ANSWER:**    T-Mobile denies any allegations of Paragraph 114.

115.    Plaintiff is entitled to recover damages adequate to compensate for Defendants
infringement.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 115.

## COUNT 11: INFRINGEMENT OF THE '242 PATENT

116.    Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**    T-Mobile incorporates by reference its responses to Paragraphs 1-115 above as

though fully set forth herein.

117.    **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '242 Patent also identified in the charts incorporated into this Count below (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 117.

118.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '242 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 118.

119.    **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant constituted actual knowledge of infringement as alleged here.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 119.

120.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '242 Patent. *See* Exhibit 23 (described below).

**ANSWER:**    T-Mobile denies the allegations of Paragraph 120.

121.    **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

**ANSWER:**    T-Mobile denies the allegations of Paragraph 121.

122.   **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '242 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '242 Patent.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 122.

123.   Exhibit 23 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '242 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 123.

124.   Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 23.

**ANSWER:**   T-Mobile denies any allegations of Paragraph 124.

125.   Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 125.

## COUNT 12: INFRINGEMENT OF THE '264 PATENT

126.   Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**   T-Mobile incorporates by reference its responses to Paragraphs 1-125 above as

though fully set forth herein.

127.   **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '264 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '264 Patent also identified in the charts incorporated into this Count below (the "Exemplary '264 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '264 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 127.

128.   Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '264 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 128.

129.   Exhibit 24 includes charts comparing the Exemplary '264 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '264 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '264 Patent Claims.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 129.

130.   Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 24.

**ANSWER:**   T-Mobile denies any allegations of Paragraph 130.

131.   Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

**ANSWER:**   T-Mobile denies the allegations of Paragraph 131.

## PRAYER FOR RELIEF

T-Mobile denies that Plaintiff is entitled to any relief and separately denies each of the allegations in paragraphs A through MM of the Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

T-Mobile alleges and asserts the following defenses in response to the allegations in the First Amended Complaint. In addition to the affirmative defenses described below, T-Mobile specifically reserves all rights to allege additional defenses that become known through the course of discovery. For its affirmative defenses, T-Mobile alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

T-Mobile has not infringed and is not infringing, directly or indirectly (including contributorily or by inducement), literally, or under the doctrine of equivalents, any valid and enforceable asserted claim of the Patents-In-Suit.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

One or more asserted claims of the Patents-In-Suit is invalid and/or unenforceable for

failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Cedar Lane has failed to state a claim against T-Mobile upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (WAIVER, LACHES AND ESTOPPEL)

Cedar Lane is barred from recovery, in whole or in part, by the doctrines of waiver,

laches, or estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

Cedar Lane's action is barred to the extent that it lacks clear title and standing to sue for

infringement as the rightful owner of one or more of the asserted patents.

### SIXTH AFFIRMATIVE DEFENSE
### (LIMITATIONS ON DAMAGES)

Cedar Lane may not recover some or all of the alleged damages, including but not limited

to pre-suit damages, as a consequence of, among other things, the requirements of 35 U.S.C. §§

286 and 287.

### SEVENTH AFFIRMATIVE DEFENSE
### (NO EXCEPTIONAL CASE)

Cedar Lane cannot prove that this is an exceptional case justifying an award of attorneys'

fees against T-Mobile pursuant to 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**
**(LICENSE, EXHAUSTION, OR OTHERWISE AUTHORIZED USE)**

Cedar Lane's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion, implied license, or single recovery rule, and to the extent that the accused products and/or functionalities are covered by a license for the Asserted Patents.  For example, to the extent that T-Mobile's vendors or partners have entered into patent license agreements covering the Asserted Patents, T-Mobile's use or purchase of equipment or software from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.

**NINTH AFFIRMATIVE DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL)**

Cedar Lane is precluded from construing any valid claim of the Asserted Patents to be infringed, literally or under the doctrine of equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the Asserted Patents, (b) in the specification and claims of the Asserted Patents, and/or (c) during the prosecution of patents and applications related to the Asserted Patents.

**RESERVATION OF DEFENSES**

T-Mobile reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are warranted.

**PRAYER FOR RELIEF**

T-Mobile respectfully requests that the Court enter judgment in its favor and against Cedar Lane as follows:

A.      Dismissing Cedar Lane's claims against T-Mobile with prejudice;

B.      Denying all relief that Cedar Lane seeks in its Amended Complaint against T-Mobile;

C.      Ruling in favor of T-Mobile on all of T-Mobile's affirmative defenses;

D.      Declaring that Cedar Lane is equitably estopped from enforcing any rights in the Patents-In-Suit against T-Mobile;

E.      Declaring that the Patents-in-Suit are unenforceable, due without limitation to implied waiver;

F.      Awarding T-Mobile its expenses and costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure;

G.      Finding this case to be exceptional under 35 U.S.C. § 285, and awarding T-Mobile its costs and attorneys' fees; and

H.      Awarding T-Mobile any other relief that the Court deems just and proper.

## JURY TRIAL DEMANDED

T-Mobile respectfully requests a trial by jury on all issues so triable.

Dated:  December 31, 2020                              Respectfully submitted,

                                        By:     */s/ Melissa R. Smith*_____
                                                Melissa R. Smith
                                                State Bar No. 24001351
                                                GILLAM & SMITH, LLP
                                                303 S. Washington Ave.
                                                Marshall, TX 75670
                                                Telephone:  (903) 934-8450
                                                Facsimile:  (903) 934-9257
                                                Email:  Melissa@gillamsmithlaw.com

                                                ***Attorney for T-Mobile USA, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, December 31, 2020, with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*
Melissa R. Smith
